UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-00587 PA (MAAx) | Date | May 15, 2026 |
|---|---|---|---|
| Title | Jeff Van Le v. U.S. Citizenship and Immigration Services | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:**          IN CHAMBERS – COURT ORDER

On April 24, 2026, the Court issued an Order to Show Cause ("OSC") based on the failure of petitioner Jeff Van Le ("Petitioner") to serve respondent U.S. Citizenship and Immigration Services ("Respondent") within the deadline established by Federal Rule of Civil Procedure 4(m).  (Docket No. 8.)  Petitioner's response to the Order to Show Cause was due on May 1, 2026, but as of today's date Petitioner has not filed a response.

Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the filing of the complaint.  Here, Petitioner filed this action on January 21, 2026.  By the time the Court issued its Order to Show Cause on April 24, 2026, Rule 4(m)'s 90-day period had already expired and Petitioner had not filed a proof of service or requested additional time to do so.  Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  This action is therefore dismissed under Rule 4(m) without prejudice as a result of Petitioner's failure to timely serve Defendant or establish good cause for that failure.

The Court may also dismiss an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629–30; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-00587 PA (MAAx) | Date | May 15, 2026 |
|---|---|---|---|
| Title | Jeff Van Le v. U.S. Citizenship and Immigration Services | | |

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor.  Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

Under the third Henderson factor, the risk of prejudice to the defendant, "[d]elay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations."  Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976). Petitioner's delay in serving Respondent thus at least marginally favors dismissal.

In considering the fourth and fifth Henderson factors, the Court notes that its Standing Order, issued on December 19, 2025, directed Petitioner to "promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3-1." (Docket No. 7 at p. 1.)  Thus, Petitioner was on notice of his obligation to follow the Rule 4(m) deadline but failed to do so.  Finally, the Court is adopting the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Thus, on balance, the Henderson factors weigh in favor of dismissing the action.

Accordingly, pursuant to Rule 4(m) and as a result of Petitioner's failure comply with Court orders and to diligently prosecute this case, this action dismissed without prejudice.  See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.  The Court will enter a Judgment consistent with this Order.

IT IS SO ORDERED